Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Nathaniel L. Dilger (Bar No. 196203)
ndilger@onellp.com
Kainoa Asuega (Bar No. 279463)
kasuega@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Plaintiff,
Targus Group International, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TARGUS GROUP INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CODI, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT PERMANENT INJUNCTION AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Targus Group International, Inc. ("Targus" or "Plaintiff") hereby complains and alleges against Defendant Codi, Inc. ("Codi" or "Defendant") as follows:

## PARTIES

1.  Plaintiff Targus is a Delaware corporation with its principal offices located at 1211 N. Miller Street, Anaheim, California 92806.

1

**COMPLAINT**

2. On information and belief, Defendant Codi is a Delaware corporation with a principal place of business located at 1351 Eisenhower Blvd., Suite 200, Harrisburg, PA 17111.

## NATURE OF THE ACTION

3. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. On information and belief, Defendant has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe Plaintiff's U.S. Patent No. 8,567,578 ("the '578 patent").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in this State; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and judicial District through at least in-person sales efforts; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

8. For more than two decades, the Targus group of companies has been recognized worldwide as an innovative creator and distributor of quality mobile computing bags, cases, and accessories. Targus has developed and introduced a highly successful line of checkpoint friendly laptop cases offered by mega-retailers such as for example Staples® and Walmart®.

9. Targus has sought protection for its technological innovations, which has resulted in the issuance of the asserted '578 patent.

10. The '578 Patent issued on October 29, 2013, and is titled "Portable Computer Case." Targus is the owner by assignment of the '578 patent, which is reflected on the face of the '578 patent.

11. On information and belief, Defendant is a manufacturer of checkpoint friendly laptop cases sold via retailers and Defendant's online website.

12. One of Defendant's products is described and marketed as the "CT3 Checkpoint Friendly Phantom X2." The CT3 Checkpoint Friendly Phantom X2 is an exemplary product that infringes the '578 patent.

13. Another of Defendant's products is described and marketed as the "CT3 Checkpoint Friendly Ultra Backpack." The CT3 Checkpoint Friendly Ultra Backpack is an exemplary product that infringes the '578 patent.

14. Another of Defendant's products is described and marketed as the "CT3 Checkpoint Friendly Mobile Lite." The CT3 Checkpoint Friendly Mobile light is an exemplary product that infringes the '578 patent.

## COUNT ONE

**(Infringement of the '578 Patent against Codi – 35 U.S.C. §§ 271 *et seq*.)**

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

16. On information and belief, Defendant has had actual or constructive knowledge of the '578 Patent. In May 2014, Targus has provided to Defendant – and on information and belief, Defendant has received – a letter identifying the '578 patent and warning Defendant of the need to take caution with respect to product offerings and infringing activities. Defendant thus had not only constructive knowledge of the '578 patent, but also actual knowledge of that '578 patent.

17. Despite having full knowledge of the '578 patent, Defendant has directly infringed and continues to directly infringe one or more claims of the '578 patent, including

at least Claim 1 of that patent, by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally, at least the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products that infringe the '578 patent.

18.     Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '578 Patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products.  In particular, Defendant developed, made, used, offered to sell, sold and/or imported, the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products with full knowledge of the '578 patent and its applicability to the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products.  In addition, the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products have no substantial use other than in a manner that infringes the '578 patent.

19.     On information and belief, Defendant has induced infringement of <u>and</u> continues to induce infringement of one or more claims of the '578 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products.  Among other things, Defendant has – with full knowledge of the '578 patent and its applicability to its products – specifically made, used, sold, offered to sell and/or imported the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar

products in a manner that infringes the '578 patent and has also specifically instructed purchasers of these products – via instructional packaging and/or online instructional materials – to configure and/or use the CT3 Checkpoint Friendly Phantom X2, the CT3 Checkpoint Friendly Ultra Backpack, and the CT3 Checkpoint Friendly Mobile Lite products, and other similar products in a manner that infringes one or more claims of the '578 patent.

20.  Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '578 Patent in violation of 35 U.S.C. § 271.

21.  Targus has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

22.  Targus is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

23.  Defendant's infringement of Targus's rights under the '578 Patent will continue to damage Targus's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

24.  In addition, Defendant has infringed the '578 patent – directly, contributorily, and by inducement – with full knowledge of the '578 patent and despite having full knowledge that its actions constituted infringement of that patent. For at least this reason, Defendant has willfully infringed the '578 Patent, entitling Targus to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment in their favor and against Defendant and grant the following relief:

A.  An adjudication that Defendant has infringed and continues to infringe the '578 patent, and additionally that its infringement is willful.

B. Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with them, from directly or indirectly infringing in any manner any of the claims of the '578 patent under 35 U.S.C. § 283;

C. An award of damages adequate to compensate Targus for Defendant's infringement of the '578 patent in an amount to be proven at trial;

D. A finding that this is an exceptional case and an award of Targus's costs and attorney's fees;

E. A trebling of the damage award to Targus;

F. An assessment and award of pre- and post-judgment interest on all damages awarded; and

I. Any further relief that this Court deems just and proper.

Dated: March 4, 2015        **ONE LLP**

By: /s/ Kainoa Asuega
  Peter R. Afrasiabi
  Nathaniel L. Dilger
  Kainoa Asuega
  *Attorneys for Plaintiff,*
  *Targus Group International, Inc.*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: March 4, 2015  **ONE LLP**

By: /s/ Kainoa Asuega
    Peter R. Afrasiabi
    Nathaniel L. Dilger
    Kainoa Asuega
    *Attorneys for Plaintiff,*
    *Targus Group International, Inc.*